UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LVB-OGDEN MARKETING CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK L. MCCOURT, STEPHANIE J. MCCOURT, DAVID S. BINGHAM, SHARON BINGHAM, FRANCES P. GRAHAM, CHRISTOPHER G. BINGHAM, CHERISH BINGHAM a/k/a CHERISH BURGESS, SCOTT F. BINGHAM, KELLY BINGHAM, and BINGO INVESTMENTS, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. |

## COMPLAINT

Plaintiff LVB-Ogden Marketing Corporation ("LVB"), by its attorneys, for its Complaint against Defendants Patrick L. McCourt, Stephanie J. McCourt, David S. Bingham, Sharon Bingham, Frances P. Graham, Christopher G. Bingham, Cherish Bingham a/k/a Cherish Burgess, Scott F. Bingham, Kelly Bingham, and Bingo Investments, LLC (collectively "Defendants"), states as follows:

### NATURE OF THE ACTION

1. This is an action to collect sums owed by Defendants to LVB pursuant to a series of guaranty agreements. The guaranty agreements relate to a construction loan made by Corus Bank, N.A. in connection with a real estate project in which the Defendants had ownership and financial interests. The project was not a commercial success, and after the construction loan went into default, Corus foreclosed on the underlying property and sold it at a public auction. LVB, a subsidiary of Corus, was the successful bidder and acquired all of Corus' rights

192159_2.DOC

relating to the loan collateral, including the guaranty agreements. LVB now seeks to enforce its rights under the guaranty agreements against the Defendants in order to recover the remaining amounts owed pursuant to the loan.

## PARTIES

2. Plaintiff LVB is a corporation organized under the laws of the State of Delaware with its principal place of business and nerve center in Chicago, Illinois.

3. On information and belief, Defendant Patrick L. McCourt is a citizen of and resides in the State of Washington.

4. On information and belief, Defendant Stephanie J. McCourt is a citizen of and resides in the State of Washington.

5. On information and belief, Defendant David S. Bingham is a citizen of and resides in the State of Washington.

6. On information and belief, Defendant Sharon Bingham is a citizen of and resides in the State of Washington.

7. On information and belief, Defendant Frances P. Graham is a citizen of and resides in the State of Washington.

8. On information and belief, Defendant Christopher G. Bingham is a citizen of and resides in the State of Washington.

9. On information and belief, Defendant Cherish Bingham a/k/a Cherish Burgess is a citizen of and resides in the State of Washington.

10. On information and belief, Defendant Scott F. Bingham is a citizen of and resides in the State of Washington.

11. On information and belief, Defendant Kelly Bingham is a citizen of and resides in the State of Washington.

12. On information and belief, Defendant Bingo Investments, LLC is a limited liability company organized under the laws of the State of Washington and maintains its principal place of business in the State of Washington. The members of Defendant Bingo Investments, LLC are Defendants David S. Bingham, Christopher G. Bingham, Scott F. Bingham, and Frances P. Graham, all of whom reside in the State of Washington.

## JURISDICTION AND VENUE

13. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

14. This Court has personal jurisdiction over each of the Defendants because each of the guaranty agreements at issue provides that the Defendants consent to jurisdiction in Illinois state and federal courts. Personal jurisdiction also exists over each of the Defendants because this action arises from Defendants' transaction of business in Illinois and its making or performance of a contract substantially connected with Illinois.

15. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District. Venue is also proper because each of the guaranty agreements at issue provides that the Defendants consent to proceedings in this District for purposes of venue.

## BACKGROUND

### The Construction Loan

16. On September 13, 2006, Corus Bank and Streamline Tower, LLC entered into a Construction Loan Agreement (the "Construction Loan Agreement").

17. Under the terms of the Construction Loan Agreement, Corus agreed to loan Streamline Tower up to $123,126,000 for the purpose of financing the construction of a condominium project in Las Vegas, Nevada, to be known as Streamline Tower (the "Project").

### The September 2006 Guaranty

18. In connection with and as consideration for the Construction Loan Agreement, Patrick McCourt and Stephanie McCourt signed a Guaranty Agreement dated September 13, 2006 (the "September 2006 Guaranty"). A true and correct copy of the September 2006 Guaranty is attached hereto as Exhibit A.

19. Under the terms of the September 2006 Guaranty, Patrick McCourt and Stephanie McCourt unconditionally guaranteed the full and prompt payment of all liabilities and obligations under the Construction Loan Agreement.

20. The September 2006 Guaranty states that the expenses recoverable against the guarantors include "all attorneys' fees, court costs, and other legal expenses (including those of Lender's in-house legal staff) and all other costs and expenses of any kind which Lender may at any time pay or incur in attempting to collect, compromise or enforce in any respect the Liabilities or this Guaranty . . . ."

### The September 2006 Carveout Guaranty

21. In connection with and as consideration for the Construction Loan Agreement, Patrick McCourt and Stephanie McCourt also signed a Carveout Guaranty

4

Agreement dated September 13, 2006 (the "September 2006 Carveout Guaranty"). A true and correct copy of the September 2006 Carveout Guaranty is attached hereto as Exhibit B.

22. Under the terms of the September 2006 Carveout Guaranty, Patrick McCourt and Stephanie McCourt unconditionally guaranteed the full and prompt payment of certain liabilities relating to the Construction Loan upon the occurrence of certain events, all as defined by the September 2006 Carveout Guaranty.

23. The September 2006 Carveout Guaranty defines liabilities to include "any claims, losses, liabilities, demands, judgments, penalties, liabilities, costs, damages and expenses, including the loss of principal [in connection with the Construction Loan Agreement]."

24. Among other things, the September 2006 Carveout Guaranty is triggered when any one of Streamline Tower, LLC, Patrick McCourt, or Stephanie McCourt file a voluntary bankruptcy petition under the United States Bankruptcy Code or is a party to a collusive involuntary bankruptcy or any receivership proceedings.

25. The September 2006 Carveout Guaranty states that the expenses recoverable against the guarantors include "all attorneys' fees, court costs, and other legal expenses (including those of Lender's in-house legal staff) and all other costs and expenses of any kind which Lender may at any time pay or incur in attempting to collect, compromise or enforce in any respect the Liabilities or this Guaranty . . . ."

**The December 2007 Guaranty**

26. On December 18, 2007, the Construction Loan was amended in certain respects (the "December 2007 Amendments").

27. In connection with and as consideration for the December 2007 Amendments, David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish

Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC signed an Additional Repayment Guaranty dated December 18, 2007 (the "December 2007 Guaranty"). A true and correct copy of the December 2007 Guaranty is attached hereto as Exhibit C.

28. Under the terms of the December 2007 Guaranty, David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC unconditionally guaranteed the full and prompt payment of all liabilities and obligations under the Construction Loan Agreement and its subsequent amendments.

29. The December 2007 Guaranty states that the expenses recoverable against the guarantors include "all attorneys' fees, court costs, and other legal expenses (including those of Lender's in-house legal staff) and all other costs and expenses of any kind which Lender may at any time pay or incur in attempting to collect, compromise or enforce in any respect the Liabilities or this Guaranty . . . ."

### The December 2007 Carveout Guaranty

30. In connection with and as consideration for the December 2007 Amendments, David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC also signed an Additional Carveout Guaranty dated December 18, 2007 (the "December 2007 Carveout Guaranty"). A true and correct copy of the December 2007 Carveout Guaranty is attached hereto as Exhibit D.

31. Under the terms of the December 2007 Carveout Guaranty, David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC unconditionally guaranteed the full and

prompt payment of certain liabilities upon the occurrence of certain events, all as defined by the December 2007 Carveout Guaranty.

32. The December 2007 Carveout Guaranty defines liabilities to include "any claims, losses, liabilities, demands, judgments, penalties, liabilities, costs, damages and expenses, including the loss of principal [in connection with the Construction Loan Agreement]."

33. Among other things, December 2007 Carveout Guaranty is triggered when any one of Streamline Tower, LLC, Patrick McCourt, or Stephanie McCourt file a voluntary bankruptcy petition under the United States Bankruptcy Code or is a party to a collusive involuntary bankruptcy or any receivership proceedings.

34. The December 2007 Carveout Guaranty states that the expenses recoverable against the guarantors include "all attorneys' fees, court costs, and other legal expenses (including those of Lender's in-house legal staff) and all other costs and expenses of any kind which Lender may at any time pay or incur in attempting to collect, compromise or enforce in any respect the Liabilities or this Guaranty . . . ."

### Borrower's Default and Trustee Sale

35. The principal obligors under the Construction Loan Agreement did not make timely payments as required by the Construction Loan Agreement. After the foregoing breaches remained uncured, Corus delivered a Notice of Breach and Election to Sell Under Deed of Trust on January 9, 2009.

36. On April 17, 2009, Corus assigned its Deed of Trust and all other collateral and interests in the Construction Loan to LVB.

37. After due notice, the collateral for the Construction Loan was sold at public auction and purchased (by LVB) for the sum of $33,973,500.

7

38. After credit for the proceeds recovered from the sale of the collateral, the balance owned under the Construction Loan Agreement, as of June 16, 2009, and including all advances, interest, and other charges, is $76,715,662.63.

### Streamline Bankruptcy

39. On April 29, 2009, Streamline Tower, LLC filed a voluntary bankruptcy petition in the United States Bankruptcy Court in the Western District of Washington, thereby triggering the September 2006 Carveout Guaranty and the December 2007 Carveout Guaranty.

### COUNT I
### Breach of September 2006 Guaranty
### Against Patrick McCourt and Stephanie McCourt

40. LVB repeats the allegations of paragraphs 1 through 41 of this Complaint as though fully alleged herein.

41. The September 2006 Guaranty is a valid and enforceable contract.

42. LVB has performed all duties required of it pursuant to the September 2006 Guaranty.

43. Pursuant to the terms of the September 2006 Guaranty, Patrick McCourt and Stephanie McCourt are liable for the remaining sums due and owing under the Construction Loan Agreement.

44. Patrick McCourt and Stephanie McCourt have not paid LVB pursuant to the terms of the September 2006 Guaranty.

45. Patrick McCourt and Stephanie McCourt are in breach of the September 2006 Guaranty.

46. LVB has incurred damages for unpaid principal and interest, attorneys' fees, and other forms of injury as a proximate result of the foregoing breaches of the September 2006 Guaranty.

## COUNT II
### Breach of September 2006 Carveout Guaranty
### Against Patrick McCourt and Stephanie McCourt

47. LVB repeats the allegations of paragraphs 1 through 41 of this Complaint as though fully alleged herein.

48. The September 2006 Carveout Guaranty is a valid and enforceable contract.

49. Because Streamline Tower, LLC filed a voluntary bankruptcy petition under the United States Bankruptcy Code, the obligations of Patrick McCourt and Stephanie McCourt pursuant to the September 2006 Carveout Guaranty have been triggered.

50. LVB has performed all duties required of it pursuant to the September 2006 Carveout Guaranty.

51. Pursuant to the terms of the September 2006 Carveout Guaranty, Patrick McCourt and Stephanie McCourt are liable for the remaining sums due and owing under the Construction Loan Agreement.

52. Patrick McCourt and Stephanie McCourt have not paid LVB pursuant to the terms of the September 2006 Carveout Guaranty.

53. Patrick McCourt and Stephanie McCourt are in breach of the September 2006 Carveout Guaranty.

54. LVB has incurred damages for unpaid principal and interest, attorneys' fees, and other forms of injury as a proximate result of the foregoing breaches of the September 2006 Carveout Guaranty.

### COUNT III
### Breach of December 2007 Guaranty
**Against David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC**

55. LVB repeats the allegations of paragraphs 1 through 41 of this Complaint as though fully alleged herein.

56. The December 2007 Guaranty is a valid and enforceable contract.

57. LVB has performed all duties required of it pursuant to the December 2007 Guaranty.

58. Pursuant to the terms of the December 2007 Guaranty, David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC are liable for the remaining sums due and owing under the Construction Loan Agreement.

59. David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC have not paid LVB pursuant to the terms of the December 2007 Guaranty.

60. David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC are in breach of the December 2007 Guaranty.

61. LVB has incurred damages for unpaid principal and interest, attorneys' fees, and other forms of injury as a proximate result of the foregoing breaches of the December 2007 Guaranty.

## COUNT IV
### Breach of December 2007 Carveout Guaranty
**Against David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC**

62. LVB repeats the allegations of paragraphs 1 through 41 of this Complaint as though fully alleged herein.

63. The December 2007 Carveout Guaranty is a valid and enforceable contract.

64. Because Streamline Tower, LLC filed for bankruptcy, the obligations of David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC pursuant to the December 2007 Carveout Guaranty have been triggered.

65. LVB has performed all duties required of it pursuant to the December 2007 Carveout Guaranty.

66. Pursuant to the terms of the December 2007 Carveout Guaranty, David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC are liable for the remaining sums due and owing under the Construction Loan Agreement.

67. David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC have not paid LVB pursuant to the terms of the December 2007 Carveout Guaranty.

68. David Bingham, Sharon Bingham, Frances Graham, Chris Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham, and Bingo Investments LLC are in breach of the December 2007 Carveout Guaranty.

69. LVB has incurred damages for unpaid principal and interest, attorneys' fees, and other forms of injury as a proximate result of the foregoing breaches of the December 2007 Carveout Guaranty.

WHEREFORE, LVB respectfully requests that this Court:

(a) Enter judgment in favor of LVB and against Defendants, jointly and severally, in the amount of $76,715,662.63, plus such additional amounts due and owing pursuant to the Construction Loan Agreement;

(b) Award LVB its attorneys' fees and costs of this suit; and

(c) Award such other and further relief as justice requires.

Dated: July 27, 2009

Respectfully submitted,

/s Joseph J. Siprut
One of the Attorneys for Plaintiff
LVB-Ogden Marketing Corporation

Steven A. Weiss
weiss@sw.com
Joseph J. Siprut
siprut@sw.com
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300